362

**No. 57718.**—Quon Quon Company *v.* United States, protest 164607–K (Los Angeles).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of trays similar in all material respects to those the subject of *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 343, C. D. 710), the claim of the plaintiff was sustained.

**No. 57719.**—Quon Quon Company *v.* United States, protests 201834–K, 204572–K, and 205574–K (Los Angeles).

Opinion by EKWALL, J. It was stipulated that the articles in question consist of silent butlers, trays, and similar articles, the composition of which is the same in all material respects as the merchandise involved in *Ignaz Strauss & Co., Inc.* v. *United States* (9 Cust. Ct. 342, C. D. 710), *The Fan Co.* v. *United States* (25 Cust. Ct. 42, C. D. 1261), *Ignaz Strauss & Co., Inc.* v. *United States* (28 Cust. Ct. 280, C. D. 1423), and Abstract 57391. In accordance with stipulation of counsel and on the authority of the decisions cited, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" and "D" at 15 percent under the provision in paragraph 339, as modified by T. D. 51802, supplemented by Presidential proclamation, T. D. 51909, for household utensils, composed wholly or in chief value of brass, not plated with platinum, gold, or silver; (2) the items marked with the letter "B" at 2½ cents per pound and 7½ percent ad valorem under the provision in paragraph 339, as modified by T. D. 51802, supplemented by Presidential proclamation, T. D. 51898, for household utensils, composed of iron, enameled or glazed with vitreous glasses (except sanitary articles), not containing electrical heating elements; and (3) the items marked with the letter "C" at 20 percent under the provision in paragraph 339, as modified by T. D. 51802, for household utensils, composed wholly or in chief value of copper, not plated with platinum, gold, or silver.

**No. 57720.**—Mutual Supply Co. *v.* United States, protest 205609–K (San Francisco).

Opinion by EKWALL, J. It was stipulated that the merchandise in question is the same in all material respects as that involved in *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303). In accordance with stipulation of counsel and following the cited decision, the items marked with the letter "A" were held entitled to free entry under paragraph 1705 as kelp, and the items marked "B" were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.